1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

| | | |
|---|---|---|
| DAVE REINHARDT, | ) | 1:08cv353 OWW DLB |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Plaintiff, | ) | REGARDING DISMISSAL OF ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| MAYOR AUTREY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

9
10
11
12
13
14
15
16
17

        Plaintiff Dave Reinhardt ("Plaintiff") is a state prisoner proceeding pro se and in forma

18

pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his action on March 10,

19

2008, and names Fresno Mayor Allen Autrey, Governor Arnold Schwarzenegger, Fresno County

20

Sheriff Pierce, Fresno County District Attorney Elizabeth Egan, Assistant District Attorney

21

Nathan Lambert, Fresno County Superior Court Judge Gary Hoff, Fresno County Public

22

Defender Ralph Torres, Investigator Connie Moore, and Officers Siemans, Espinosa, Lockus,

23

Herzog, Gularte and Gattie as Defendants.

24

## DISCUSSION

25

A.      Screening Standard

26

        The Court is required to screen complaints brought by prisoners seeking relief against a

27

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

2  that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

3  § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

4  state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint

5  can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

6  B.    Failure to State a Claim

7         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

8  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

9  support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,

10  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

11  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a

12  complaint under this standard, the court must accept as true the allegations of the complaint in

13  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

14  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

15  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16  C.    Plaintiff's Allegations

17         Plaintiff alleges that he was "knowingly, wrongfully and falsely imprisoned by Fresno

18  County and the State of California for crimes committed against me by Fresno County Sheriffs

19  Officers."  Complaint, at 3.  He further alleges that the State and County are covering-up the

20  officers' criminal misconduct and "acting as an organized criminal enterprise conspiring to

21  deprive" him of his constitutional rights.  Complaint, at 3.  Without explanation, Plaintiff

22  contends that he was denied a fair hearing, which left him wrongfully imprisoned for over four

23  years.  He requests one million dollars for each day that he was falsely imprisoned, as well as

24  "the arrest and punishment of all people that violated the laws against" him.  Complaint, at 3.  He

25  refers the Court to the statement of facts in his habeas corpus action.[1]

26

27

28

---

[1] A review of the Court's docket reveals that Plaintiff filed a habeas corpus action on March 7, 2008.

D. **Defendants Autrey, Schwarzenegger, Pierce, Moore, Espinosa, Siemans, Lockus, Herzog, Gularte, Gattie and Torres**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Although Plaintiff names Defendants Autrey, Schwarzenegger, Pierce, Moore, Espinosa, Siemans, Lockus, Herzog, Gularte, Gattie and Torres in his complaint, he does not link them in any way to any affirmative acts. In fact, Plaintiff does little more than set forth conclusory allegations that lack factual support or further explanation. Although he suggests that the Court look at his petition for writ of habeas corpus filed in another action, the Court will not leaf through his 500-plus page petition in an attempt to understand his claims.

1    Plaintiff should also keep in mind that supervisory personnel, such as Governor

2    Schwarzenegger, Mayor Autrey and Sheriff Pierce, are generally not liable under section 1983

3    for the actions of their employees under a theory of respondeat superior and, therefore, when a

4    named defendant holds a supervisorial position, the causal link between him and the claimed

5    constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

6    (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

7    941 (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts

8    indicating that supervisory defendants either: personally participated in the alleged deprivation of

9    constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

10   implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights"

11   and is "the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646

12   (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

13   Moreover, Plaintiff cannot state a cognizable claim against Defendant Torres in his role

14   as Plaintiff's public defender.  When public defenders are acting in their role as advocate, they

15   are not acting under color of state law for section 1983 purposes.  See Georgia v. McCollum, 505

16   U.S. 42, 53 (1992).  To the extent Plaintiff alleges legal malpractice, this is a state-law claim for

17   which "there exists no independent basis of federal jurisdiction."  See Aragon v. Federated Dept.

18   Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir.1985) (finding no jurisdiction over state law

19   malpractice claim action against law firm for mishandling of labor grievance).

20   Plaintiff therefore fails to state a cognizable claim against Defendants Autrey,

21   Schwarzenegger, Pierce, Moore, Espinosa, Siemans, Lockus, Herzog, Gularte and Gattie.

22   E.    Defendants Egan, Lambert and Judge Hoff

23   Pursuant to the authority above, Plaintiff also fails to link Defendants Egan, Lambert and

24   Judge Hoff to any specific acts.

25   Moreover, all of these Defendants are entitled to immunity.  Judges are absolutely

26   immune from damages actions for judicial acts taken within the jurisdiction of their courts.

27   Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409,

28   418 (1976).  Similarly, prosecutors are absolutely immune from civil suits for damages under

4

1    section 1983 which challenge activities related to the initiation and presentation of criminal

2    prosecutions.  Id.  Therefore, Plaintiff cannot state a claim against District Attorney Egan,

3    Assistant District Attorney Lambert or Judge Hoff.

4    F.    Plaintiff's Claims

5         Plaintiff appears to be seeking compensation for an allegedly wrongful imprisonment.

6    When seeking damages for an allegedly unconstitutional conviction or imprisonment, however,

7    "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

8    expunged by executive order, declared invalid by a state tribunal authorized to make such

9    determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

10   U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages

11   bearing that relationship to a conviction or sentence that has not been so invalidated is not

12   cognizable under § 1983."  Id. at 488.

13        Plaintiff has not demonstrated that his conviction has been invalidated and therefore may

14   not pursue the instant damages action.  Insofar as Plaintiff requests that the Court arrest and

15   punish the Defendants, the Court has no authority to do so in a section 1983 action.

16                                **RECOMMENDATION**

17        Accordingly, because Plaintiff cannot cure the above deficiencies, the Court HEREBY

18   RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

19        These Findings and Recommendations will be submitted to the Honorable Oliver W.

20   Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after

21   being served with these findings and recommendations, the parties may file written objections

22   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

23   and Recommendations."  The parties are advised that failure to file objections within the

24   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

25   F.2d 1153 (9th Cir. 1991).

26        IT IS SO ORDERED.

27   **Dated:   March 27, 2008**                    **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE
28

                                          5